| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| THOMAS F. FRIEDBERG, ESQ., (#110439)<br>LAW OFFICES OF FRIEDBERG & BUNGE<br>610 West Ash Street, Suite 1400<br>P.O. Box 6814<br>San Diego, CA 92101<br>Telephone: (619) 557-0101<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Moving Party, Steven Tarves | FILED<br>JUN 21 2011<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA** | |
| In re<br>OLIZA A. O'NEAL<br><br><br><br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 1:11-bk-16405-VK<br>DATE: 7/13/11<br>TIME: 9:30<br>CTRM: 301<br>FLOOR: |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: STEVEN TARVES )
### (Action in Non-bankruptcy Forum)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**  ☐ 255 East Temple Street, Los Angeles      ☐ 411 West Fourth Street, Santa Ana
   ☒ 21041 Burbank Boulevard, Woodland Hills     ☐ 1415 State Street, Santa Barbara
   ☐ 3420 Twelfth Street, Riverside

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and must appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

      ☐ at the hearing     ☐ at least _____ court days before the hearing.

      (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

      (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.

      (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time, and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                                    **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 2 of* 15        **F 4001-1M.NA**

| In re<br>OLIZA A. O'NEAL | (SHORT TITLE)<br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 1:11-bk-16405-VK |
|---|---|---|

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 6/13/11

FRIEDBERG AND BUNGE
*Print Law Firm Name (if applicable)*

THOMAS F. FRIEDBERG
*Print Name of Individual Movant or Attorney for Movant*

*Signature of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009        **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - Page 3 of 15    **F 4001-1M.NA**

| In re<br>OLIZA A. O'NEAL | (SHORT TITLE)<br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 1:11-bk-16405-VK |
|---|---|---|

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY
**(MOVANT:** STEVEN TARVES **)**

1. **The Non-bankruptcy Action:** Movant moves for relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate with respect to the following pending lawsuit or administrative proceeding (the "Non-bankruptcy Action") in a non-bankruptcy forum:

    Case name: Steven Tarves v. Sean Thomas O,Neal and Oliza O'Neal
    Docket number: SC111592
    Court or agency where pending: Los Angeles Superior Court (West District, Santa Monica)

2. **Case History:**
    a. ☒ A voluntary ☐ An involuntary petition under Chapter ☐ 7 ☒ 11 ☐ 12 ☐ 13
       was filed on *(specify date)*: 5/23/11
    b. ☐ An Order of Conversion to Chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13
       was entered on *(specify date)*:
    c. ☐ Plan was confirmed on *(specify date)*:
    d. ☐ Other bankruptcy cases affecting this action have been pending within the past two years. See attached Declarations.
    e. For additional case history, see attached continuation page.

3. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Non-bankruptcy Action to final judgment in the non-bankruptcy forum for the following reasons:
    a. ☒ The bankruptcy case was filed in bad faith specifically to delay, hinder or interfere with prosecution of the Non-bankruptcy Action.
    b. ☐ The claim is insured. Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor(s) or estate property.
    c. ☒ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
    d. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
    e. ☐ The claims are non-dischargeable in nature and can be most expeditiously resolved in the non-bankruptcy forum.
    f. ☒ The claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.
    g. ☒ Other reasons to allow the Non-bankruptcy Action to proceed are set forth in an attached Declaration.

4. ☒ Movant also seeks annulment of the stay so that filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
    a. ☒ Movant submits the attached Declaration(s) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
    b. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

*(Continued on next page)*

---
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009          **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 4 of* 15   **F 4001-1M.NA**

| In re<br>OLIZA A. O'NEAL | (SHORT TITLE)<br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 1:11-bk-16405-VK |
|---|---|---|

c. ☐ Other evidence *(specify):*

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order granting the following:**

1. Relief from the stay to Movant (and its successors and assigns, if any) *(check boxes re all applicable relief requested)*:
   a. ☒ Terminating the stay as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b. ☒ Annulling the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).
   c. ☐ Modifying or conditioning the stay as set forth in the attached continuation page:

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non-bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against Debtor(s) or estate property.

3. ☒ Additional provisions requested:
   a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
   b. ☒ That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.
   c. ☐ That the Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.
   d. ☐ For other relief requested, see attached continuation page.

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 6/13/11                                    Respectfully submitted,

STEVEN TARVES
*Movant Name*

FREIDBERG AND BUNGE
*Firm Name of Attorney for Movant (if applicable)*

By: _____
   *Signature*

Name: THOMAS F. FRIEDBERG
*Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                    **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - Page 5 of 15    **F 4001-1M.NA**

| In re<br>OLIZA A. O'NEAL | (SHORT TITLE)<br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 1:11-bk-16405-VK |
|---|---|---|

# DECLARATION RE ACTION IN NON-BANKRUPTCY FORUM
## (MOVANT: STEVEN TARVES )

I, JOHN W. CUTCHIN , declare as follows:
*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding the state court lawsuit, administrative proceeding, or other action in a non-bankruptcy forum ("Non-bankruptcy Action") that is the subject of this Motion because:

   a. ☐ I am the Movant.

   b. ☐ I am the Movant's attorney of record in the Non-bankruptcy Action.

   c. ☒ I am employed by the Movant as *(state title and capacity)*:Special Bankruptcy Counsel

   d. ☐ Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Non-bankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The Non-bankruptcy Action at issue is currently pending as:

   Case name: Steven Tarves v. Sean Thomas O,Neal and Oliza O'Neal
   Docket number:SC111592
   Court or agency where pending: Los Angeles Superior Court (West District, Santa Monica)

4. **Procedural Status:**

   a. The causes of action pleaded in the non-bankruptcy forum are *(list)*:
   Negligence, Gross Negligence (Driving Under the Influence), and Negligent Entrustment of Vehicle.

   True and correct copies of the pleadings filed before the non-bankruptcy forum are attached hereto as Exhibit "A" .

   b. The Non-bankruptcy Action was filed on *(specify date)*: 2/23/11

   c. Trial or hearing began/is scheduled to begin on *(specify date)*:

   d. The trial or hearing is estimated to require the following number of court days *(specify)*: 5 days

   e. Other defendants to the Non-bankruptcy Action are *(specify)*:Sean Thomas O'Neal, (Debtor's Son).

5. **Grounds for relief from stay:**

   a. ☒ The claim is insured. The insurance carrier and policy number are *(specify)*:
   Insurance Co. Policy No. 927323891.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 6 of 15*    **F 4001-1M.NA**

| In re<br>OLIZA A. O'NEAL | (SHORT TITLE)<br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 1:11-bk-16405-VK |
|---|---|---|

b. ☒ The matter can be tried more expeditiously in the non-bankruptcy forum.

   (1) ☐ It is currently set for trial on:

   (2) ☒ It is in advanced stages of discovery and Movant believes that it will be set for trial by *(specify date)*:
The basis for this belief is *(specify)*:
There is currently a Case Management Conference set for June 13, 2011. Normally a trial date would be set at the Case Management Conference.

   (3) ☒ The matter involves non-debtor parties who are not subject to suit in the bankruptcy court. A single trial in the non-bankruptcy forum is the most efficient use of judicial resources.

c. ☒ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Non-bankruptcy Action.

   (1) ☐ Movant is the only creditor (or the only substantial creditor) scheduled by the Debtor(s).

   (2) ☒ The timing of the petition filing shows that it was intended to delay or interfere with the Non-bankruptcy Action based upon the following facts *(specify)*:
The Superior Court complaint was filed on February 23, 2011. Debtor filed her FIRST bankruptcy petition on March 9, 2011 which was dismissed May 3, 2011 (Case No. 1:11-bk-12961). Debtor then filed this SECOND bankruptcy petition on May 23, 2011

   (3) ☐ Debtor(s) does(do) not have a reasonable likelihood of reorganizing in this Chapter ☐ 11 ☐ 13 bankruptcy case based upon the following facts *(specify)*:

d. ☐ For other facts justifying relief from stay, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** June, 13, at San Diego, CA *(city, state)*.

JOHN W. CUTCHIN
*Print Declarant's Name*

*Signature of Declarant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - Page 7 of ____   **F 4001-1M.NA**

| In re<br>OLIZA A. O'NEAL | (SHORT TITLE)<br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 1:11-bk-16405-VK |
|---|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Law Office of Friedberg and Bunge
610 East Ash Street, Suite 1400, P.O. Box 6814
San Diego, CA 92166-0814
A true and correct copy of the foregoing document described as <u>Motion for Relief from Automatic Stay with Declaration</u> _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:
By U.S. Mail: Honorable Victoria Kaufman
   21014 Burbank Blvd., Ste. 354
   Woodland Hills, CA 91367

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On <u>6/14/11</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Oliza A. O'Neal (Debtor)<br>3601 Vista Pacifica, Unit 12<br>Malibu, CA 90265 | Gary L. Harre, Esq. (Atty. for Debtor)<br>Global Capital Law<br>8700 Warner Ave. Ste. 200<br>Fountain Valley, CA 92708 | U.S Trustee<br>21051 Warner Center Lane, Ste. 115<br>Woodland Hills, CA 91367 |
|---|---|---|

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| <u>6/13-2011</u> | <u>John W. Cutchin</u> | *signature* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                         **F 4001-1M.NA**

**EXHIBIT "A"**

ORIGINAL FILED
LOS ANGELES SUPERIOR COURT
JOHN A. CLARKE, CLERK

FEB 23 2011

By: _____
DEPUTY

1  THOMAS F. FRIEDBERG, ESQ. (#110439)
   **LAW OFFICES OF FRIEDBERG & BUNGE**
2  610 WEST ASH STREET, SUITE 1400
   P.O. BOX 6814
3  SAN DIEGO, CA 92166-0814
   (619) 557-0101
4
   Attorneys for Plaintiff
5

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF LOS ANGELES

10                         WEST DISTRICT

11 | STEVEN TARVES,                    | CASE NO. SC111592
12 |         Plaintiff,                | COMPLAINT FOR DAMAGES
13 | v.                                | CESAR C. SARMIENTO
14 | SEAN THOMAS ONEAL, OLIZA ONEAL,   |
   | and DOES I through L, inclusive,  |
15 |                                   | CASE MANAGEMENT CONFERENCE
   |         Defendants.               | JUN 13 2011  8:30 am Dept. J
16 |                                   | Date

17

18      Plaintiff, STEVEN TARVES alleges as follows:

19              **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

20      1.     Plaintiff is, and at all times herein mentioned was, a resident of the County of

21 Ventura, State of California.

22      2.     Plaintiff is informed and believes, and based thereupon alleges, that at all times herein

23 mentioned, defendants, SEAN THOMAS ONEAL, OLIZA ONEAL and DOES I through L, and each

24 of them, are, and were, the residents of the County of Los Angeles, State of California.

25      3.     The true names and capacities, whether corporate, associate, individual, agent,

26 employee, governmental entity or otherwise, defendants herein named as DOES I through L,

27 inclusive, and each of them, are unknown to plaintiff, who therefore sues such defendants, and each

28 of them, by their fictitious name. Plaintiff will amend this Complaint to allege their true names and

---

Steven Tarves              COMPLAINT FOR DAMAGES - PAGE 1

1 capacities when they have been ascertained. Plaintiff is informed and believes, and based thereupon alleges, that each of such fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries and damages, as herein alleged, were proximately caused by such defendants, and each of them.

4. Plaintiff is informed and believes, and based thereupon alleges, that at all times mentioned herein, defendants, and each of them, were the agents, servants, employees, joint venturers, partners, or subsidiaries of their remaining co-defendants, and each of them, and as such, were acting within the scope, course and authority of such agency, employment, joint venture and/or partnership, and with the permission, consent, authorization and/or ratification of their remaining co-defendants, and each of them.

5. At all times herein mentioned, the 200 block of SR-1 (Pacific Coast Highway), is, and was, a public street and/or highway, within the County of Los Angeles, State of California, West Judicial District and running in a generally north to south direction.

### FIRST CAUSE OF ACTION
### (SEAN THOMAS ONEAL)

6. Plaintiff realleges paragraphs 1 through 5, and incorporates the same as a part hereof as though fully set forth herein.

7. Plaintiff is informed and believes, and based thereupon alleges, that at all times herein mentioned, defendants, SEAN THOMAS ONEAL, and DOES I through XX, and each of them, are, and were, the operators, permissive users, lessors, lessees, maintainers, repairers, and others responsible for the maintenance, use, repair and/or control of defendants automobile, described as a 2007 Audi, bearing California license plate number 5YLX267 (hereinafter referred to as "defendants' automobile") which automobile was used with the express and/or implied permission of the remaining defendants, and each of them.

8. On or about April 9, 2010, plaintiff, STEVEN TARVES was operating a 2001 Honda VT750 CD motorcycle, bearing California license plate number 1586100 (hereinafter referred to as "plaintiff's motorcycle") in a southerly direction along and upon the 200 block of SR-1, within the County of Los Angeles, State of California, West Judicial District.

Steven Tarves                    COMPLAINT FOR DAMAGES - PAGE 2

9.    At that time and place, defendants, SEAN THOMAS ONEAL, and DOES I through XX, and each of them, so negligently and carelessly owned, operated, entrusted, leased, maintained, managed and drove defendants' automobile on northbound SR-1 and crossed into the southbound lanes so as to proximately cause an accident with plaintiff's motorcycle; thereby directly and proximately causing severe and debilitating injuries to plaintiff, STEVEN TARVES as hereinafter alleged.

10.    As a direct and proximate result of the negligence and carelessness of defendants, SEAN THOMAS ONEAL, and DOES I through XX, and each of them, as hereinabove alleged, plaintiff, STEVEN TARVES was hurt and injured in his health, strength and activity, in all parts of his body, and sustained shock and injury to his nervous system and person, all of which injuries have caused and continue to cause plaintiff great mental, physical and nervous anxiety, and pain and suffering. Plaintiff, STEVEN TARVES is informed and believes, and based thereupon alleges, that said injuries will result in some permanent disability to plaintiff, all to his general damage, in an amount to be proven at time of trial. Plaintiff is informed and believes, and based thereupon alleges, that the amount in controversy herein is in excess of Twenty Five Thousand Dollars ($25,000.00) and within the jurisdiction of this Court.

11.    As a further direct and proximate result of the negligence and carelessness of defendants, SEAN THOMAS ONEAL, and DOES I through XX, and each of them, as hereinabove alleged, plaintiff, STEVEN TARVES was required to, and did, employ physicians, surgeons and therapists to treat and care for him, and did sustain expenses for said medical treatment and care, hospitalization, medicines, and for other and further medical and incidental care, for which plaintiff has incurred liability in an amount as yet unascertained. Plaintiff, STEVEN TARVES prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

12.    Plaintiff, STEVEN TARVES is informed and believes, and based thereupon alleges, that as a further direct and proximate result of the negligence and carelessness of defendants, SEAN THOMAS ONEAL, and DOES I through XX, and each of them, as hereinabove alleged, he will necessarily require additional medical care, hospitalization, medicines, and other and further medical

1  attention in the future and will incur liability therefrom. Plaintiff, STEVEN TARVES prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all said additional medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

13. As a further direct and proximate result of the negligence and carelessness of defendants, SEAN THOMAS ONEAL, and DOES I through XX, and each of them, as hereinabove alleged, plaintiff, STEVEN TARVES became incapacitated and was prevented from following his usual occupation for an undetermined period of time; and as a result thereof, said plaintiff suffered a loss of earnings and earning capacity and ability and other financial losses in an undetermined amount. Plaintiff, STEVEN TARVES prays leave of Court to amend and/or supplement this Complaint to include the exact amount of said loss of earnings and earning capacity and ability when ascertained, or to prove same at time of trial.

14. As a further, direct, and proximate result of the negligence of defendants, and each of them, as hereinabove alleged, plaintiff's motorcycle was damaged, plaintiff was deprived of its use for a period of time, plaintiff's motorcycle has depreciated in value and plaintiff has incurred the expense of a replacement motorcycle, all in an amount as yet unascertained. Plaintiff, STEVEN TARVES prays leave of Court to amend this Complaint to insert the reasonable value for compensation for property damage, loss of use, and depreciation to plaintiff's motorcycle, or to prove same at the time of trial.

**SECOND CAUSE OF ACTION**
**(SEAN THOMAS ONEAL - GROSS NEGLIGENCE)**

15. Plaintiff realleges paragraphs 1 through 14, and incorporates the same as a part hereof as though fully set forth herein.

16. Plaintiff is informed and believes, that at all times herein mentioned, defendants, SEAN THOMAS ONEAL, and DOES I through XX, and each of them, are, and were, operating a motor vehicle while under the influence of alcohol and had a blood alcohol limit in excess of the legal limit; and as a result thereof, acted with a conscious disregard for the life, health and safety to plaintiff, and further acted with despicably, maliciously and oppressively, thereby entitling plaintiff

1  to an award of punitive and exemplary damages, all in an amount to be proven at time of trial.

## THIRD CAUSE OF ACTION
### (OLIZA ONEAL - NEGLIGENT ENTRUSTMENT)

17. Plaintiff realleges paragraphs 1 through 16, and incorporates the same as a part hereof as though fully set forth herein.

18. Plaintiff is informed and believes, and based thereupon alleges, that at all times herein mentioned, defendants, OLIZA ONEAL, and DOES XXI through XL, and each of them, are, and were, the owners, maintainers, repairers, and others responsible for the ownership, maintenance, entrustment, repair and/or control of defendants automobile, described as a 2007 Audi, bearing California license plate number 5YLX267 (hereinafter referred to as "defendants' automobile") which automobile was used with the express and/or implied permission of the remaining defendants, and each of them.

19. Plaintiff is further informed and believes that prior to October 29, 2010, defendants OLIZA ONEAL, and DOES XXI through XL, and each of them, knew, or should have known, of a history of prior drinking and driving incidents by defendants, SEAN THOMAS ONEAL, and DOES I through XX, and each of them. Plaintiff is further informed and believes, and based thereupon alleges, that despite having such knowledge of a history of prior drinking and driving incidents of defendants, SEAN THOMAS ONEAL, and DOES I through XX, and each of them, defendants, OLIZA ONEAL, and DOES XXI, through XL, and each of them, negligently entrusted their 2007 Audi to defendants SEAN THOMAS ONEAL, and DOES I through XX, and each of them.

20. On or about April 9, 2010, plaintiff, STEVEN TARVES was operating a 2001 Honda VT750 CD motorcycle, bearing California license plate number 1586100 (hereinafter referred to as "plaintiff's motorcycle") in a southerly direction along and upon the 200 block of SR-1, within the County of Los Angeles, State of California, West Judicial District.

21. At that time and place, defendants, SEAN THOMAS ONEAL, and DOES I through XX, and each of them, so negligently and carelessly operated, and drove defendants' automobile on northbound SR-1 and crossed into the southbound lanes so as to proximately cause an accident with

plaintiff's motorcycle; thereby directly and proximately causing severe and debilitating injuries to plaintiff, STEVEN TARVES as hereinafter alleged. Plaintiff is informed and believes, and based thereupon alleges, that at the time of the accident, defendants SEAN THOMAS ONEAL, and DOES XXI through XL, and each of them, were operating the vehicle owned, maintained and controlled by defendants OLIZA ONEAL, and DOES XXI through XL, and each of them, under the influence of alcohol. Plaintiff is further informed and believes, and based thereupon alleges, that defendants OLIZA ONEAL, and DOES XXI through XL, and each of them, contributed to plaintiff's injuries and damages by negligently entrusting their 2007 Audi to defendants SEAN THOMAS ONEAL, and DOES XXI through XL, and each of them.

22. As a direct and proximate result of the negligence and carelessness of defendants, OLIZA ONEAL, and DOES XXI through XL, and each of them, as hereinabove alleged, plaintiff, STEVEN TARVES was hurt and injured in his health, strength and activity, in all parts of his body, and sustained shock and injury to his nervous system and person, all of which injuries have caused and continue to cause plaintiff great mental, physical and nervous anxiety, and pain and suffering. Plaintiff, STEVEN TARVES is informed and believes, and based thereupon alleges, that said injuries will result in some permanent disability to plaintiff, all to his general damage, in an amount to be proven at time of trial. Plaintiff is informed and believes, and based thereupon alleges, that the amount in controversy herein is in excess of Twenty Five Thousand Dollars ($25,000.00) and within the jurisdiction of this Court.

23. As a further direct and proximate result of the negligence and carelessness of defendants, OLIZA ONEAL, and DOES XXI through XL, and each of them, as hereinabove alleged, plaintiff, STEVEN TARVES was required to, and did, employ physicians, surgeons and therapists to treat and care for him, and did sustain expenses for said medical treatment and care, hospitalization, medicines, and for other and further medical and incidental care, for which plaintiff has incurred liability in an amount as yet unascertained. Plaintiff, STEVEN TARVES prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

24. Plaintiff, STEVEN TARVES is informed and believes, and based thereupon alleges,

1 | that as a further direct and proximate result of the negligence and carelessness of defendants, OLIZA
2 | ONEAL, and DOES XXI through XL, and each of them, as hereinabove alleged, he will necessarily
3 | require additional medical care, hospitalization, medicines, and other and further medical attention
4 | in the future and will incur liability therefrom. Plaintiff, STEVEN TARVES prays leave of Court
5 | to amend and/or supplement this Complaint to insert the actual and reasonable value of all said
6 | additional medical and incidental expenses when same have been ascertained, or to prove same at
7 | time of trial.

8 |     25.    As a further direct and proximate result of the negligence and carelessness of
9 | defendants, OLIZA ONEAL, and DOES XXI through XL, and each of them, as hereinabove alleged,
10 | plaintiff, STEVEN TARVES became incapacitated and was prevented from following his usual
11 | occupation for an undetermined period of time; and as a result thereof, said plaintiff suffered a loss
12 | of earnings and earning capacity and ability and other financial losses in an undetermined amount.
13 | Plaintiff, STEVEN TARVES prays leave of Court to amend and/or supplement this Complaint to
14 | include the exact amount of said loss of earnings and earning capacity and ability when ascertained,
15 | or to prove same at time of trial.

16 |     26.    As a further, direct, and proximate result of the negligence of defendants, and each
17 | of them, as hereinabove alleged, plaintiff's motorcycle was damaged, plaintiff was deprived of its
18 | use for a period of time, plaintiff's motorcycle has depreciated in value and plaintiff has incurred the
19 | expense of a replacement motorcycle, all in an amount as yet unascertained. Plaintiff, STEVEN
20 | TARVES prays leave of Court to amend this Complaint to insert the reasonable value for
21 | compensation for property damage, loss of use, and depreciation to plaintiff's motorcycle, or to prove
22 | same at the time of trial.
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

Steven Tarves      COMPLAINT FOR DAMAGES - PAGE 7

1 ///

2    WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

3    1.    For general damages in an amount in excess of $25,000.00 and within the jurisdiction of this Court and to be proven at the time of trial;

    2.    For medical and related expenses, past, present and future, all in an amount to be proven at the time of trial;

    3.    For loss of earnings or earning ability, past, present and future, all in an amount to be proven at the time of trial;

    4.    For property damage, depreciation in value, for loss of use and rental expenses and other incidental damages, all in an amount to be proven at the time of trial;

    5.    For exemplary and punitive damages on the second cause of action against SEAN THOMAS ONEAL;

    6.    For cost of suit incurred herein; and

    7.    For such other and further relief as this Court deems just and proper.

Dated: February 19, 2011        **LAW OFFICES OF FRIEDBERG & BUNGE**

BY: _[signature]_
THOMAS F. FRIEDBERG, ESQ.
Attorneys for Plaintiff